IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maurice Boston and Quinn Wilkerson | ) ) ) | |
| | ) | No. 13-cv- |
| *Plaintiffs,* | ) ) | |
| -*vs*- | ) ) | |
| Sheriff of Cook County and Cook County, Illinois, | ) ) ) | |
| *Defendants.* | ) ) | |

# COMPLAINT

Plaintiffs file this complaint and, by counsel, allege as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 12133, 29 U.S.C. § 794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiffs Maurice Boston and Quinn Wilkerson are residents of the Northern District of Illinois. Plaintiffs bring this action individually and for a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective injunctive relief.

3. Defendants are the Sheriff of Cook County and Cook County, Illinois. Plaintiffs sue each entity in its official capacity.

4. Each plaintiff is wheel chair bound; because of this disability (or "handicap"), each plaintiff requires a special toilet and a handicap accessible shower to enjoy access to these services.

5. In 2009, in response to a subsequently settled class action, *Phipps v. Sheriff of Cook County and Cook County,* 07-cv-3889, defendants installed handicap accessible toilets and appropriate grab bars in two dorms at Division 2 of the Cook County Jail. Defendants also modified the showers in those two dorms, to add a ramp, grab-bars, and water controls accessible to a seated person. In addition, defendants provided an appropriate shower chair in each of those two dorms.

6. Following settlement in *Phipps,* defendants failed to maintain the handicap accessible facilities it had installed in Division 2: defendants failed for more than two months to repair a broken handicap accessible toilet and similarly failed to replace a broken shower chair with a functioning replacement. Defendants' deliberate indifference caused each of the two named plaintiffs to be deprived of rights secured by the ADA and the Rehabilitation Act and to have been deprived of equal protection of law as secured by the Fourteenth Amendment.

7. Plaintiff Wilkerson entered the Jail as a pre-trial detainee on or about May 11, 2012.

8. Plaintiff Boston entered the Jail as a pre-trial detainee on or about July 3, 2012.

9.     In July or August of 2012, plaintiffs Boston and Wilkerson were assigned to one of the two dormitories in Division 2 that had been made "ADA accessible" during the *Phipps* litigation.

10.    When assigned to the Division 2 dormitory, plaintiffs Boston and Wilkerson observed that the single handicapped accessible toilet in that dormitory had been wrapped in plastic to prevent its use by wheelchair bound detainees. The toilet remained so wrapped for about six weeks.

11.    By allowing the handicap accessible toilet to be inaccessible to wheelchair bound detainees, defendants caused plaintiffs Boston and Wilkerson and others similarly situated to be deprived of rights secured by the ADA and the Rehabilitation Act and to be deprived of equal protection of law secured by the Fourteenth Amendment.

12.    When assigned to the Division 2 dormitory, Wilkerson and Boston also discovered that there was not a functioning shower chair in the otherwise handicap accessible shower.

13.    By allowing the shower chair to be in disrepair from the otherwise handicap accessible shower after settlement of the *Phipps* litigation, defendants caused plaintiffs Boston and Wilkerson and others similarly situated to be deprived of rights secured by the ADA and the Rehabilitation Act and to be deprived of equal protection of law secured by the Fourteenth Amendment.

14.    Furthermore, defendants have a police and/or practice of failing to timely respond to inmate grievances.

15. Defendants were put on notice of their deficient grievance process by the United States Department of Justice letter to Sheriff Dart and Cook County Board President Stroger dated July 11, 2008. The letter stated, in part, that "it reviewed numerous grievance files that alleged the need for medical services . . . that showed a referral to Cermak, but contained no actual response to the grievance."

16. In addition, *Talley v. Dart*, 08-cv-5485, also notified defendants of the inadequate grievance policies and/or practices.

17. Here, plaintiffs grieved numerous times, beginning in November, in regard to the inadequate toileting and bathing facilities. These grievances were deliberately and willfully ignored by defendants.

18. Defendants above described wrongdoing caused each plaintiff to incur physical injuries and subjected to emotional distress.

19. Plaintiffs demand trial by jury on their claims for damages.

WHEREFORE, each plaintiff requests that he received appropriate compensatory damages and that the Court fashion such prospective injunctive relief as may be appropriate. Plaintiffs also request that the costs of this action, including attorneys' fees, be taxed against defendant Cook County.

/s/ <u>Patrick W. Morrissey</u>
Patrick W. Morrissey
ARDC # 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.

-5-

        10249 S. Western Ave.
        Chicago, Il. 60643
        (773) 233-7900

        Kenneth N. Flaxman
        200 S Michigan Ave, Ste 1240
        Chicago, Illinois 60604
        (312) 427-3200

        *attorneys for plaintiffs*